UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

SOLOMON ABUREKHANLEN,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S5 19 Cr. 291 (LAP)

        WHEREAS, on or about October 8, 2021, SOLOMON ABUREKHANLEN (the "Defendant"), was charged in a four-count superseding Information, S5 19 Cr. 291 (LAP) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028(b), and 2 (Count Three); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Four of the Information;

        WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged

in Count Two of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about October 8, 2021, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Two and Four of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts One and Four of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money in United States currency, representing the property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,599,496.58 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Information that the Defendant personally obtained and the property involved in the offense charged in Count Two of the Information, for which the Defendant is jointly and severally liable with his co-defendants, Oluwaseun Adelekan, a/k/a "Sean Adelekan," Olalekan Daramola, Bryan Eadie, Gbenga Oyeneyin, Abiola Olajumoke, Temitope Omotayo, Albert Lucas, Ademola Adebogun, Lucas Ologbenla, Adewole Taylor, and Curlten Otidubor (collectively, the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Four of the

Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Daniel H. Wolf and Rebecca T. Dell, of counsel, and the Defendant and his counsel, Aaron Mysliwiec, Esq., that:

1. As a result of the offenses charged in Counts One, Two and Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,599,496.58 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Two of the Information, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant SOLOMON ABUREKHANLEN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          10/11/2023
DANIEL H. WOLF                                               DATE
REBECCA T. DELL
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2337/2198


SOLOMON ABUREKHANLEN

By: _____          10/11/23
SOLOMON ABUREKHANLEN                          DATE

By: _____          10/11/23
AARON MYSLIWIEC, ESQ.                            DATE
Attorney for Defendant
80 Broad Street Suite 1900
New York, NY 10004


SO ORDERED:

_____                  10/11/23
HONORABLE LORETTA A. PRESKA              DATE
UNITED STATES DISTRICT JUDGE